UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| OTTO LEE ISRINGHOUSE | § |  |
|---|---|---|
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| v. | § | CIVIL ACTION NO. 3:18-CV-2212-B |
|  | § |  |
| OFFICER NFN TRAVIS, et al., | § |  |
|  | § |  |
| Defendants. | § |  |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Texas Highway Patrol Division of the Texas Department of Public Safety's (THP) Motion to Dismiss (Doc. 20) in this 42 U.S.C. § 1983 ("Section 1983") action. Having reviewed the pleadings and applicable law, the Court **GRANTS** the Motion for the following reasons.

## I.

## BACKGROUND

This is an excessive force case arising from events in connection with Plaintiff Otto Lee Isringhouse's arrest by several officers. Doc. 3, Pl.'s Comp., 4–5; Doc.12, Pl.'s Resp. Questionnaire, 1. Plaintiff alleges that five officers were involved in the incident, two of whom, he says, assaulted him. Doc.12, Pl.'s Resp. Questionnaire, 1. Plaintiff contends that the two arresting officers are THP employees. *Id.* at 1–2; Doc. 3, Pl.'s Comp., 3. He presumes that the remaining officers—described as unidentified undercover officers—were THP employees at the time of the arrest. *See* Doc.12, Pl.'s Resp. Questionnaire, 1–3, 6–9. He maintains that the two arresting officers are not the officers that assaulted him. *Id.* at 2.

Plaintiff alleges that two of the unidentified undercover officers used excessive force against him during his arrest on or about March 21, 2018. Doc. 3, Pl.'s Comp., 4–5; Doc.12, Pl.'s Resp. Questionnaire, 1. Specifically, Plaintiff maintains that after he got on the ground to surrender, one unidentified undercover officer dislocated Plaintiff's left shoulder when he aggressively pulled Plaintiff's arm behind his back to handcuff him. Doc.12, Pl.'s Resp. Questionnaire, 2. Further, Plaintiff maintains that after he was handcuffed, while still lying on the ground, a different unidentified undercover officer inflicted multiple lacerations to the back of Plaintiff's head when the officer jumped on his back and struck him several times with a closed fist. *Id.* at 2–3.

Plaintiff is a *pro se* litigant and has brought suit against several parties, including the Texas Highway Patrol Division and the two individual THP officers, in their official capacities, named in the March 22, 2018 arrest report. *Id.* at 1, 5–6; Doc. 3, Pl.'s Comp., 1. Service has not yet been completed on the two officers. Doc. 17, Summons Returned Unexecuted as to NFN Travis; Doc. 18, Summons Returned Unexecuted as to NFN Brown; Doc. 26, Order to Answer; Doc. 30, Gov't Resp. Order to Answer.

Defendant THP filed its Motion to Dismiss on February 14, 2019. Doc. 20, Def.'s Mot. Dismiss. Plaintiff failed to file a response to that Motion and the time to do so has passed, thus, the Motion is ripe for the Court's review.

## II.

## LEGAL STANDARD

Before examining the issues before the Court, the Court notes that *pro se* litigants are still expected to comply with the rules of pleading and the rules of service. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam). However, parties who proceed *pro se* are often given more

leeway than represented parties in correcting errors in pleadings and defects in service of process. *Roberts v. Orleans Parish Med. Staff*, 2002 WL 1022488, at *5 (E.D. La. May 20, 2002) (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)). A court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Id.*

Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering the motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted). Further, "[p]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010).

# III.

# ANALYSIS

The essence of Plaintiff's sole claim against Defendant THP is that THP employees violated his Fourth Amendment rights by using excessive force while carrying out an arrest.[1] *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that courts should analyze alleged excessive force claims "solely by reference to the Fourth Amendment's prohibition against unreasonable seizures of the person"). Plaintiff essentially alleges that THP is liable for excessive force based on the actions of two unidentified undercover police officers that Plaintiff and the Court presume are THP employees. *See* Doc. 3, Pl.'s Comp., 1, 4–5; Doc.12, Pl.'s Resp. Questionnaire, 1–6.

In its Motion to Dismiss, Defendant THP asserts that as an arm of the State of Texas, it is entitled to sovereign immunity to suit in federal court absent the State's express waiver of immunity. Doc. 20, Def.'s Mot. Dismiss, 1.

Section 1983 provides plaintiffs a federal forum to remedy deprivations of civil liberties. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).

Section 1983 does not, however, allow a plaintiff to seek a remedy against a State for alleged

---

[1] Plaintiff's complaint pleading (Doc. 3) is a completed form document titled "Prisoner's Civil Rights Complaint." In addition to the Prisoner's Civil Rights Complaint, Plaintiff has completed a questionnaire (Doc. 12) that Magistrate Judge Irma C. Ramirez provided. The Court derives Plaintiff's alleged claims and theories of liability from the Complaint and Questionnaire to the extent possible based on Plaintiff's description of the events that gave rise to this suit.

deprivations of civil liberties, as "[t]he Eleventh Amendment bars such suits unless the State has waived its immunity." *Will*, 491 U.S. at 66 (citing *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472–73 (1987)). As such, States and government entities that are considered "arms of the State" are not "persons" under § 1983 and thus cannot be sued in federal court for violations under § 1983 without the State's express consent via an immunity waiver. *Id.* at 67, 70. In deciding whether a State has waived sovereign immunity, courts can find waiver "only where 'stated by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)). Thus, the Court now looks to state law to determine if Texas has waived sovereign immunity for § 1983 claims.

In Texas, it is well established that "[a] plaintiff may not sue the State, its agencies, or its officers without the consent of the Texas Legislature." *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997).

The Texas Legislature enacted the Texas Tort Claims Act (TTCA) wherein it expressly waived immunity to certain suits and consented to liability under specified circumstances. *See generally Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). In the TTCA, the State consents to liability suits that arise in the following situations: (1) a personal injury proximately caused by the wrongful act, omission, or negligence of a State employee acting within his scope of employment *if* the injury arises from the operation or use of a motor vehicle *and* the employee would be personally liable to the claimant according to Texas law; and (2) a personal injury proximately caused by a condition or use of tangible personal property if the State entity would, were it a private person, be liable to the claimant according to Texas law. *Id.* (citing Tex. Civ. Prac. & Rem. Code §

101.021) (emphasis added).

The TTCA does not waive immunity for claims arising out of any intentional tort, including assault and battery. *Id.* (citing Tex. Civ. Prac. & Rem. Code § 101.057(2)). "Also excluded from the TTCA are allegations against a governmental unit arising out of the same conduct that formed the basis of the intentional tort claims against its employee." *Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009) (citing *Petta*, 44 S.W.3d at 580).

In *Petta,* the Texas Supreme Court held that, under the TTCA, the Texas Department of Public Safety (DPS) could not be held liable for the intentional torts—namely, assault and battery—of its employee, a highway patrol officer. *Petta*, 44 S.W.3d 575, 580 (Tex. 2001).

In the matter at bar, Plaintiff alleges that two unidentified undercover officers used excessive force during the course of an arrest that caused serious bodily injury. Plaintiffs' injuries were a dislocated shoulder and multiple lacerations on the back of his head. Plaintiff's explanation of the event amounts to alleged assault and battery—intentional torts.

Texas Highway Patrol, a branch of DPS, is a State entity, thus, the TTCA applies to tort claims arising from its employees' actions. Even if the Court assumes that the unidentified undercover police officers responsible for Plaintiff's injuries were THP employees acting within the scope of their duty, Plaintiff could not bring suit against THP for the officers' actions—alleged assault and battery—because the Texas Legislature expressly excluded claims arising from intentional torts from its immunity waiver in the TTCA.

Because the Texas Legislature has not waived sovereign immunity for claims that arise from the intentional torts of state employees, Defendant THP is immune from suit for Plaintiff's claim. Thus, the Court **GRANTS** Defendant THP's Motion to Dismiss (Doc. 20).

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 20). Plaintiff's claims against Defendant Texas Highway Patrol Division of the Texas Department of Public Safety are hereby **DISMISSED**.

**SO ORDERED.**

**DATED March 29, 2019**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE