IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OTTO LEE ISRINGHOUSE, <br> Dallas Cnty. Jail Bookin No. 19034496, <br><br> Plaintiff, <br><br> V. <br><br> OFFICER NFN TRAVIS and OFFICER NFN BROWN, <br><br> Defendants. | § § § § § § § § § § § § § | No. 3:18-cv-2212-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Otto Lee Isringhouse brought this *pro se* action appearing to allege that unidentified Texas Highway Patrol officers used excessive force in arresting him. *See* Dkt. Nos. 3 & 12. Following screening – through which Isringhouse indicated that he was not bringing claims against several other law enforcement agencies, including the Dallas Police Department and the Dallas County Sheriff, *see* Dkt. No. 12 – the Court ordered that his claims be served as to the two officers and the Texas Highway Patrol Division of the Texas Department of Public Safety ("THP"), *see* Dkt. Nos. 14, 15, & 16.

Service as to the two officers was unsuccessful, *see* Dkt. Nos. 17 & 18; the Texas Attorney General refused to comply with the Court's order to appear on behalf of these defendants, *see* Dkt. Nos. 24 & 30; and the Court has granted THP's motion to dismiss the claims against it, *see* Dkt. Nos. 20 & 31.

This case has now been referred to the undersigned United States magistrate

judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 33.

On April 27, 2020, to advance this case, the Court entered an Order Regarding Identification of Remaining Defendants [Dkt. No. 38] (the "ID Order"), providing:

> Based on Isringhouse's complaint as amended by his verified responses to the Court's screening questionnaire, it is not clear to the undersigned whether the two officers who allegedly assaulted Isringhouse on the evening of March 21, 2018 were THP officers. And Isringhouse has so far failed to provide enough information to identify the officers who did assault him to facilitate the service of his amended complaint on those officers.
>
> Isringhouse alleges, for example, that Officer Travis "was among 4 other undercover officers of which 2 of them assaulted me while in handcuffs." Dkt. No. 12 at 1. Isringhouse does not directly allege that either Officer Travis or Officer Brown assaulted him. Instead, he alleges that "[t]he officer who assaulted me was a white male about 5'8 180-200 lbs. … who looked like he worked out." *Id.*; *see also, e.g., id.* at 2 ("I got the officers on the police report. There was an officer in uniform who didn't assault me he just took me to jail with another Hispanic officer [who] didn't assault me either.").
>
> Essentially Isringhouse has alleged that two John Doe defendants assaulted him, while other officers, including possibly Officer Travis and/or Officer Brown, may be liable under a bystander liability theory. *Cf. Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant" (footnote omitted)); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) ("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged").
>
> The Court will endeavor to further assist Isringhouse as to service on the applicable individual officers, because it does not seem that (1) his "failure to identify the John Doe defendants was the result of contumaciousness or an attempt to delay the proceedings" and (2) he may be "entitled to conduct discovery to determine the identities of the unnamed defendants, as '[i]t is conceivable that' readily available documentation would reveal the identities of some of the John Doe defendants." *Cowart v. Dallas Cnty. Jail*, 439 F. App'x 332, 332-33 (5th Cir. 2011) (per curiam) (quoting *Murphy*, 950 F.2d at 293; citation omitted).
>
> In both *Murphy* and *Cowart*, the United States Court of Appeals

for the Fifth Circuit reversed or vacated the judgments of the district courts and then remanded to allow the plaintiff to conduct discovery to identify John Doe defendants. *See Cowart*, 439 F. App'x at 333; *Murphy*, 950 F.2d at 293; *see also Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (per curiam) ("Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." (citing *Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993))); *but see Laumann v. Heidorn*, 371 F. App'x 670, 672 (7th Cir. 2010) (per curiam) ("A *pro se* prisoner may be excused from his initial inability to name his adversaries, but at some point he must discover their identities and have them served" (citations omitted)).

Relatedly, under 28 U.S.C. § 1915(d), "[t]he officers of the court shall issue and serve all process" for a plaintiff proceeding *in forma pauperis*. *See also* FED. R. CIV. P. 4(c)(3) (the court must "order that service be made by a United States marshal or deputy marshal … if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915"). And, while the Court will relieve a *pro se* plaintiff of the burden to serve process, it remains his "responsibility to locate the defendants and submit their addresses to the court." *Shelton v. Michigan Turkey Producers Co-op., Inc.*, No. 1:13cv441, 2014 WL 4388366, at *6 (W.D. Mich. Sept. 5, 2014) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)); *see also Boyer v. Taylor*, Civ. A. No. 06-694-GMS, 2009 WL 2338173, at *11 (D. Del. July 30, 2009) ("[A] district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process." (citing *Barmes v. Nolan*, 123 F. App'x 238, 249 (7th Cir. 2005))).

In sum, the Court requires additional information from Isringhouse to assist him to serve any officer who assaulted him on March 21, 2018 or who stood by while another officer did. The Court therefore ORDERS Isringhouse to by **May 28, 2020** respond to this order with all information that he may possess that could assist the Court. This information could include clarification of his previous claims, to the extent that he possesses additional information as to the physical description of any officer who may be liable or which law enforcement agency employed that officer. Further, Isringhouse mentions a police report in his questionnaire response. That report – or any other reports or court- or arrest-related documents – could be particularly useful, and Isringhouse should provide the Court copies of this documentation or direct the Court to the source of such documentation, such as related criminal case numbers or agency reference numbers associated with his arrest on March 21, 2018.

The Court further warns Isringhouse that any failure to comply with this order will result in a recommendation that this action be

- 3 -

dismissed without prejudice. *See* FED. R. CIV. P. 41(b).

*Id.* at 2-5 (footnote omitted).

The ID Order was returned to the Court as undeliverable on May 5, 2020. *See* Dkt. No. 39. And Isringhouse has not otherwise contacted the Court since updating his address on November 26, 2019. *See* Dkt. No. 37.

Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F.

App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, … a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting Nottingham, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second

chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not updating his mailing address (or otherwise providing the Court an address at which it may contact him), Isringhouse has prevented this action from proceeding, leaving the impression that he no longer wishes to pursue the relief sought in his complaint. He has therefore failed to prosecute his lawsuit. And, as the Court has observed in a similar context, "[w]here months pass without any contact by a plaintiff and all mail sent to a plaintiff within the same time period – at the only address plaintiff provides – is returned as undeliverable, the court has no option but to conclude that plaintiff has abandoned the prosecution of his lawsuit." *Davis v. Hernandez*, No. 3:12-cv-2013-L-BN, 2016 WL 335442, at *3 (N.D. Tex. Jan. 5, 2016) (quoting *Beck v. Westbrook*, No. 3:14-cv-2364-B, 2015 WL 7241377, at *2 (N.D. Tex. Oct. 6, 2015), *rec. adopted*, 2015 WL 7196340 (N.D. Tex. Nov. 16, 2015)), *rec. adopted*, 2016 WL 320644 (N.D. Tex. Jan. 27, 2016). Similarly, the Court should not let this action languish on its docket because there is no way to contact Isringhouse.

A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. The undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Isringhouse decides to update his contact information or contact the Court. It should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

### Recommendation

The Court should dismiss this action without prejudice under Federal Rules of

Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 28, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE